```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

MICHAEL COREY BENTON,            )
                                 )
        Plaintiff                )
                                 )
v.                               )
                                 )    Case No. 3:10-0982
CORRECT CARE SOLUTIONS,          )    Judge Trauger/Brown
MELINDA STEVENS,                 )
MONTGOMERY COUNTY JAIL, and      )
NORMAN LEWIS,                    )
                                 )
        Defendants               )

**TO: THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

Presently pending in this matter are three motions. The first (Docket Entry 25) is a motion for judgment on the pleadings by Defendant Norman Lewis. The second (Docket Entry 28) is a motion to dismiss by Defendants Correct Care Solutions and Melinda Stevens, and the third (Docket Entry 34) is a motion to amend the complaint by the Plaintiff to substitute Montgomery County for Montgomery County Jail.

For the reasons stated below, the Magistrate Judge recommends that the motions to dismiss (Docket Entries 25 and 28) be **GRANTED**, that the motion to amend (Docket Entry 34) be **DENIED** as futile, and that this case be dismissed with prejudice.

### Background

The complaint was lodged with the Court on October 18, 2010 (Docket Entry 1). The Plaintiff was subsequently allowed to proceed *in forma pauperis* (Docket Entry 8) on November 3, 2010.

The complaint may be summarized as follows. On September 9, 2008, the Plaintiff was assaulted and for approximately 10 minutes he walked around bleeding in the middle of the pod at the Montgomery County Jail without being given assistance. He alleges that no officer was present in the guard tower to watch the pod and the jail is responsible for his injuries.

As a result of the assault he sustained a jaw broken in two places and was rushed to the hospital by ambulance due to blood loss. He underwent reconstructive surgery at Cumberland Surgical Arts and his jaw was wired shut for a 12-week period. He alleges that the physicians at Cumberland Surgical Arts directed that he be provided liquified food that included two Boost shakes with vitamins and minerals to insure his proper feeding and recovery. These procedures were supposed to be charted and sent to his physicians at Cumberland Surgical Arts by Melinda Stevens, the food director.

He alleges that Stevens failed to insure that he was given a liquified diet, that the jail did not have proper blending equipment, and that Stevens stated that he was in jail and they did not have to comply with orders from doctors outside their facility. He states that she changed the charts to show that, in fact, the jail was complying with his dietary requirements. Plaintiff alleges that this went on for a 12-week period.

At the end of his complaint he alleges that after this incident on September 9, 2008, he was supposed to be kept out of

harm's way, but neither the (jail) staff or medical staff listened and he received further injury due to another fight. He alleges that he should not have been placed back in the general population in harm's way. No date was provided for the second incident.

Defendant Lewis alleges that this case should be dismissed because the complaint fails to state any facts showing misconduct by Defendant Lewis. His motion points out that other than being named in the caption and listed as a defendant, there are no factual allegations against Defendant Lewis. Defendant Lewis further contends that even if there were facts alleged against him that, pursuant to Rule 12(c), the case is subject to dismissal because the complaint was not filed within the one year statute of limitations concerning negligence or 1983 violations.[1]

The Defendants Correct Care Solutions and Melinda Stevens filed a motion to dismiss supported by a proper memorandum of law (Docket Entries 28 and 29). In their memorandum they specifically point out the Tennessee Code Section and case law supporting the preposition that there is a one-year statute of limitations from the accrual date of claims under 42 U.S.C. 1983 to a filing of the lawsuit.

---

[1]The Magistrate Judge would note that Defendant Lewis has combined an answer to the complaint with a motion and has failed to file a separate memorandum of law in support of the motion as required by Local Rule 7.01. In recommending the granting of this motion, the Magistrate Judge in no way condones the rather sloppy pleading by Defendant Lewis.

3

## Legal Discussion

Taking the factual allegations in the Plaintiff's complaint as true and reading the complaint in the light most favorable to a *pro se* plaintiff, the Magistrate Judge believes that the Plaintiff's cause of action would have accrued at the latest by the end of 2008. The Plaintiff alleges that he suffered a broken jaw on September 9, 2008. He then underwent surgical intervention and was returned to the jail, where he states that his jaw was wired for 12 weeks. Even providing for a lengthy hospitalization period prior to his return to the Montgomery County Jail, the 12 weeks with a wired jaw would have expired by the end of December, 2008.

The Plaintiff was specifically cautioned by the Magistrate Judge on December 23, 2010 (Docket Entry 30) that in responding to Defendant Stevens' motion to dismiss (Docket Entry 28) he should specifically address the statute of limitations issue. The Defendant's response to the statute of limitations argument is contained in Docket Entry 35. The Plaintiff states that he was in the custody of the Montgomery County Jail when his repeated requests for a civil complaint package were denied and that he seeks to present several issues stemming from the incident because the Defendants failed to properly attended to his medical needs. He further points out that he is still receiving medical treatment for his broken jaw, which has required repeated transportation between Montgomery County,

Tennessee and Nashville, Tennessee. Unfortunately, the Plaintiff does not give even approximate dates as to when he was transferred from the Montgomery County Jail, or provide any information from which the Magistrate Judge can conclude that somehow the statute of limitations should be tolled in this matter. He does allege that he filed a number of grievances about his treatment. There is simply no showing he did not have access to paper to file a simple complaint with the court.

A fair reading of the complaint shows that the Plaintiff would have known that his 1983 cause of action accrued at the conclusion of the 12 weeks that his jaw was wired shut yet he waited until October 14, 2010, to file his complaint.[2]

The Supreme Court in *Wallace v. Kato*, 549 U.S. 384 (2007), stated at page 388, that a cause of action under 1983 accrues when the plaintiff can file suit and obtain relief. In this case there can be no dispute that the Plaintiff's cause of action against these Defendants accrued at the latest upon the conclusion of the 12 week period in which his jaw was wired shut.

The Sixth Circuit pointed out that 1983 cases filed in Tennessee have a one-year statute of limitations and the cause of action accrues under federal law when the plaintiff knows, or has reason to know, that the act providing the basis of his or her

---

[2]Using the letter box rule, the Magistrate Judge will give the Plaintiff credit for filing the complaint on the date that he signed it at the prison facility.

5

injury has occurred.  *Howard v. REA*, 111 F. App. 419,421 (6th Cir. 2004).³  The Magistrate Judge has considered the possibility of tolling, however this complaint was filed at least nine months past the one-year limit.  The Plaintiff has provided nothing to show that he could not have filed this suit at some point within the applicable statute of limitations.  Even if he did not have forms in the jail, he made no allegations that he did not have access to paper and pencil and the ability to send a pleading to the Court.  He was able to file grievances about the matter.  While he may have been moved about and may have received additional medical treatment there is insufficient justification for a nine-month delay in filing this action.

Plaintiff has come forward with no evidence or even a proposed amended pleading to show that his cause of action is within the statute of limitations or that there are adequate grounds for equitable tolling.  *See*, *e.g.*, *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988) (setting forth the requirements for equitable tolling).  The Plaintiff could have moved to amend his complaint to allege specific dates in response to these motions, but he did not.

Plaintiff has also failed to add any allegations concerning Defendant Lewis.  Plaintiff could have also moved to

---

³Inasmuch as this is an unpublished opinion, the Magistrate Judge is attaching a copy to this report and recommendation for the benefit of the Plaintiff.

6

amend his complaint to allege some facts concerning misconduct by Lewis. However, the Plaintiff's only motion to amend the complaint (Docket Entry 34) was to allege Montgomery County instead of Montgomery County Jail (Docket Entry 34).

Even if the Magistrate Judge allowed an amendment to the complaint to name Montgomery County, rather than Montgomery County Jail, such an amendment would be futile as the claims against the jail would suffer from the same statute of limitations deficiencies. While Rule 15 provides that motions to amend should be freely granted in the interest of justice, the case law is quite clear that an amendment need not be allowed if it would be futile. *Kottmyer v. Maas*, 436 F.3d 684,691-2 (6th Cir. 2006). The Defendant Montgomery County Jail has not been served in this matter. However, the complaint as to the Jail suffers from the same deficiency concerning the statute of limitations as presented by the other Defendants. Since it does not state a cause of action against the jail, the Magistrate Judge has included a recommendation to dismiss Montgomery County Jail as well under 28 U.S.C 1915(A)(b).

### Recommendation

For the reasons stated above the Magistrate Judge recommends that the motions to dismiss (Docket Entries 25 and 28) by the Defendants Lewis, Stevens, and Correct Care Solutions be **GRANTED**, that the motion to amend to add or to substitute Montgomery County for the Montgomery County Jail (Docket Entry 34)

7

be **DENIED** as futile, that the claims against Montgomery County Jail be **DISMISSED** as failing to state a cause of action, and the case be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has 14 days, from receipt of this Report and Recommendation, in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have 14 days, from receipt of any objections filed in this Report, in which to file any responses to said objections. Failure to file specific objections within 14 days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 2nd day of March, 2011.

/s/ Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge

Westlaw.

111 Fed.Appx. 419, 2004 WL 2203573 (C.A.6 (Tenn.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 111 Fed.Appx. 419, 2004 WL 2203573 (C.A.6 (Tenn.)))

C

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Sixth Circuit Rule 28. (Find CTA6 Rule 28)

United States Court of Appeals,
Sixth Circuit.
Eric Bernard HOWARD, Plaintiff-Appellant,
v.
Kevin REA, Medical Director; (f/n/u) Cpl. Gary, Correctional Officer, Defendants-Appellees.

No. 03-6473.
Sept. 17, 2004.

**Background:** Prisoner brought § 1983 action against prison, correctional officer, and medical director The United States District Court for the Middle District of Tennessee dismissed action as frivolous, and prisoner appealed.

**Holdings:** The Court of Appeals held that:
(1) one-year **statute** of **limitations** for § 1983 actions arising in Tennessee commenced to run from time prisoner was aware of that his constitutional rights could have been violated, and
(2) **statute** of **limitations** was not equitably **tolled**.

Affirmed.

West Headnotes

**[1] Limitation of Actions 241 €⇒95(15)**

241 Limitation of Actions
    241II Computation of Period of Limitation
        241II(F) Ignorance, Mistake, Trust, Fraud, and Concealment or Discovery of Cause of Action
            241k95 Ignorance of Cause of Action
                241k95(15) k. Civil Rights. Most Cited Cases
One-year statute of limitations for § 1983 actions arising in Tennessee commenced to run from time prisoner was aware of that his First, Fourth, and Fourteenth Amendment rights could have been violated, that is when his legal mail was taken from him and when he discovered his legal mail had been opened, and from time he was aware that his Eighth Amendment rights could have been violated as a result of not receiving alternative medication. U.S.C.A. Const.Amends. 1, 4, 8, 14; 42 U.S.C.A. § **1983**; West's T.C.A. § 28-3-104(a)(3).

**[2] Limitation of Actions 241 €⇒104.5**

241 Limitation of Actions
    241II Computation of Period of Limitation

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2
111 Fed.Appx. 419, 2004 WL 2203573 (C.A.6 (Tenn.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 111 Fed.Appx. 419, 2004 WL 2203573 (C.A.6 (Tenn.)))

241II(G) Pendency of Legal Proceedings, Injunction, Stay, or War
241k104.5 k. Suspension or Stay in General; Equitable **Tolling**. Most Cited Cases
**Statute** of **limitations** on prisoner's § **1983** claims was not equitably **tolled**, where prisoner had notice that his constitutional rights may have been violated on grounds raised in his complaint, as was evidenced by his filing administrative grievances. 42 U.S.C.A. § **1983**.

*420 Before SUTTON and COOK, Circuit Judges; and ALDRICH, District Judge.FN*

FN* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

*ORDER*

**1 Eric Bernard Howard, proceeding pro se, appeals a district court order dismissing his civil rights complaint under 42 U.S.C. § 1983 as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Howard filed a civil rights complaint seeking monetary damages for violations of his civil rights under the First, Fourth, Eighth, and Fourteenth Amendments, against Kevin Rea, the Medical Director of the Riverbend Maximum Security Institution; Corporal Gary, a Correctional Officer at the Turney Center Industrial Prison ("TCIP"); and the TCIP. The district court dismissed his complaint as frivolous, finding that Howard did not file his complaint within the applicable one-year **statute** of **limitations** and he was not entitled to equitable **tolling**. Howard filed a timely **tolling** motion under Fed.R.Civ.P. 59(e); the district court denied the motion. This timely appeal followed.

On appeal, Howard argues that the district court erroneously found that his civil complaint was untimely filed because his cause of action did not accrue until he was informed in his Tennessee Claims Commission suits that his rights were violated. Alternatively, Howard argues that the statute of limitations should be equitably tolled, given that he believed he had to exhaust his state remedies and he did not know his cause of action was cognizable in federal court until his state remedies were exhausted.

We review de novo a district court's order dismissing a prisoner's suit under 28 U.S.C. §§ 1915A(b) or 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint may be dismissed as frivolous when the plaintiff does not present any claim with an arguable or rational basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Claims barred by the **statute** of **limitations** are frivolous. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001).

* State **statutes** of **limitations** and **tolling** principles apply to determine the timeliness of claims asserted under 42 U.S.C. § **1983**. *Wilson v. Garcia,* 471 U.S. 261, 268-69, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). For § **1983** actions arising in Tennessee, the **statute** of **limitations** is one year. *See* Tenn.Code Ann. § 28-3-104(a)(3); *Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir.1986). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir.1996). "Under federal law as developed in this Circuit, the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Id.* at 220.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

111 Fed.Appx. 419, 2004 WL 2203573 (C.A.6 (Tenn.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 111 Fed.Appx. 419, 2004 WL 2203573 (C.A.6 (Tenn.)))

[1] With respect to the alleged violations of the First, Fourth, and Fourteenth Amendments, Howard was aware that his rights may have been violated on February 1, 2002, when his legal mail was taken from him; and on February 8, 2002, when he discovered his legal mail had been opened. With respect to the alleged violation of the Eighth Amendment, Howard was aware that his rights may have been violated on October 1, 2001, and January 7, 2002, when he alleges he did not receive alternative medication. His filing of administrative grievances concerning these claims supports the district court's conclusion that he was aware of these claims. Accordingly, his claims accrued on these dates, and his complaint should have been filed within one year of the conclusion of his administrative proceedings from these grievances. Howard's administrative proceedings were concluded on March 11, 2002, and his complaint was filed on August 29, 2003.

**2 Howard's complaint was clearly filed after the one-year **statute** of **limitations** had expired. Accordingly, the district court did not err in finding that Howard's complaint was time-barred.

[2] The **statute** of **limitations** may be equitably **tolled**, however, if the plaintiff lacked actual or constructive notice of the filing requirements, diligently pursued his rights, **tolling** would not prejudice the defendant, and the plaintiff was reasonably ignorant of the notice requirement. *See Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988). Howard had notice that his constitutional rights may have been violated on the grounds raised in his complaint, evidenced by his filing administrative grievances. Howard does not dispute that he was unaware of the statute of limitations, and exhaustion of state remedies is not required. Accordingly, the district court's conclusion that equitable tolling was inappropriate is correct.

For the foregoing reasons, the district court's order dismissing Howard's complaint as frivolous is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

C.A.6 (Tenn.),2004.
Howard v. Rea
111 Fed.Appx. 419, 2004 WL 2203573 (C.A.6 (Tenn.))

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.