IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL COREY BENTON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:10-cv-00982 |
| ) | Judge Trauger |
| ) | |
| CORRECT CARE SOLUTIONS, ) | |
| MELINDA STEVANS, ) | |
| MONTGOMERY COUNTY JAIL, and ) | |
| NORMAN LEWIS ) | |
| ) | |
|     Defendants. ) | |
| ) | |

### MEMORANDUM AND ORDER

On March 3, 2011 the Magistrate Judge issued a Report and Recommendation (Docket No. 37), in which he recommended that this court grant Defendant Norman Lewis's Motion for Judgment on the Pleadings (Docket No. 25) and Defendants Correct Care Solutions and Melinda Stevens' Motion to Dismiss (Docket No. 28), and deny Plaintiff's Motion to Amend the Complaint (Docket No. 34) as futile.[1]  Pending before the court is the plaintiff's timely "Objection/Response" to the Report and Recommendation (Docket No. 40), to which these defendants have responded (Docket Nos. 41, 42). For the reasons discussed herein, the court will sustain the plaintiff's factual objection, overrule the plaintiff's remaining objections, and

---

[1] Counsel for defendant "Stevans" has spelled her name "Stephens" (Docket No. 20) and "Stevens" (Docket No. 28). Because the Motion to Dismiss was filed for "Melinda Stevens," the court will refer to this defendant by this spelling herein.

1

adopt the Magistrate Judge's Report and Recommendation with that modification.

## BACKGROUND

Plaintiff Michael Corey Benton has been incarcerated in the Montgomery County Jail at all times pertinent to this suit.[2] (*See* Docket No. 40 at 6.) On October 18, 2010, the plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed the Complaint in this action. In the Report and Recommendation, the Magistrate Judge summarized the plaintiff's claims and allegations:

> On September 9, 2008, the Plaintiff was assaulted and for approximately 10 minutes he walked around bleeding in the middle of the pod at the Montgomery County Jail without being given assistance. He alleges that no officer was present in the guard tower to watch the pod and the jail is responsible for his injuries.
>
> As a result of the assault he sustained a jaw broken in two places and was rushed to the hospital by ambulance due to blood loss. He underwent reconstructive surgery at Cumberland Surgical Arts and his jaw was wired shut for a 12-week period.[3] He alleges that the physicians at Cumberland Surgical Arts directed that he be provided liquified food that included two Boost shakes with vitamins and minerals to insure his proper feeding and recovery. These procedures were supposed to be charted and sent to his physicians at Cumberland Surgical Arts by Melinda Stevens, the food director.
>
> He alleges that Stevens failed to insure that he was given a liquified diet, that the jail did not have proper blending equipment, and that Stevens stated that he was in jail and they did not have to comply with orders from doctors outside their facility. He states that she changed the charts to show that, in fact, the jail was complying with his dietary requirements. Plaintiff alleges that this went on for a 12-week period. At the end of his complaint he alleges that after this incident on September 9, 2008, he was supposed to be kept out of harm's way, but neither the (jail) staff or medical staff listened and he received further injury due to another fight. He alleges that he should not have been placed back in the general population in harm's way. No date was provided for the second incident.

---

[2] All facts are drawn from the Report and Recommendation unless otherwise noted.

[3] Defendants Correct Care Solutions and Melinda Stevens suggested in their Motion to Dismiss that the plaintiff's jaw was wired shut for only six weeks but have made no specific objection. (*See* Docket No. 29 at 1.)

(Docket No. 37 at 2-3.)

On December 21, 2010 defendant Lewis filed a Motion for Judgment on the Pleadings (Docket No. 28), and defendants Correct Care Solutions and Melinda Stevens filed a Motion to Dismiss (Docket No. 34). Each of the defendants argued that the plaintiff's claim is time-barred. Additionally defendant Lewis argued that the claim against him should be dismissed for failure to make any factual allegations against him.

In a December 23, 2010 Order, the Magistrate Judge instructed the plaintiff to respond "specifically [to] the statute of limitations issue." (Docket No. 30 at 1.) On January 28, 2011, the plaintiff filed a Motion to Amend Complaint, seeking to substitute Montgomery County for Defendant Montgomery County Jail (Docket No. 34), and a "Response to the Statute of Limitations" (Docket No. 35). In pertinent part, the plaintiff's response stated that his requests for civil complaint packages were denied, that he had limited access to "the prison law library and legal research materials," and that his ongoing medical treatment requires "repeated transport between Only, Tennessee and Nashville, Tennessee." (*Id.* at 1-2.) Citing these reasons, he moved for an "enlargement" of the statute of limitations. (*Id.*)

On March 3, 2011, the Magistrate Judge issued a Report and Recommendation, finding that: (1) the plaintiff did not file this action within the statute of limitations; (2) the plaintiff has "come forward with no evidence . . . [showing] that there are adequate grounds for equitable tolling;" and (3) the plaintiff has "failed to add any allegations concerning Defendant Lewis." (Docket No. 37 at 6.) Consequently, the Magistrate Judge recommended that the defendants' respective dispositive motions be granted and that the plaintiff's Motion to Amend be denied as

futile. (Docket No. 37 at 7-8.) The plaintiff filed timely objections.

## ANALYSIS

When the Magistrate Judge issues a Report and Recommendation on a dispositive motion, the court must review *de novo* any part of the Report and Recommendation to which a specific objection has been made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

### I. Factual Objection

The plaintiff has made a specific objection to a fact as set forth in the Report and Recommendation, which will be sustained. The plaintiff objects that he is transported between Nashville, Tennessee and Only, Tennessee for medical treatment, not between Nashville, Tennessee and Montgomery County, Tennessee. (*See* Docket No. 40 at 4.) None of the defendants has made argument to the contrary. Although this objection is sustained, it is immaterial to the outcome in this case. The plaintiff has made several objections to the legal findings of the Magistrate Judge; for the reasons discussed below, each is overruled.

### II. Statute of Limitations

The plaintiff objects that the statute of limitations does not bar his claims. (*See* Docket No. 40 at 6.) Even after making generous assumptions about key facts of this case, the Magistrate Judge found that the plaintiff filed his Complaint more than nine months after the one-year statute of limitations expired. (*See* Docket No. 37 at 6.) The plaintiff concedes that the statute of limitations for 42 U.S.C. § 1983 claims arising in Tennessee is one year. He does not quarrel with the Magistrate Judge's generous assumption that the plaintiff may have been hospitalized for nearly a month after his jaw surgery. (*See generally* Docket No. 40.) Nor does

4

he suggest that his medical treatment was unlawful after the 12-week period that his jaw was wired.

Rather, the plaintiff argues that, because he continues to receive treatment from the injuries he suffered from his September 9, 2008 injury, his cause of action continues to accrue "(everyday) until this issue is resolved." (*See id*. at 4.) This is simply incorrect. The latest his cause of action relating to the plaintiff's September 9, 2008 injury and subsequent medical treatment would have accrued is the last day of that treatment. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). Even assuming that the plaintiff underwent a lengthy hospitalization after surgery, his treatment ended, at the latest, in December 2008. Consequently, the plaintiff, who is credited with filing his Complaint on October 14, 2010, filed this action *at least* nine months after the expiration of the statute of limitations, meaning that this objection is without merit.[4]

## III. Equitable Tolling

The Magistrate Judge considered the possibility of equitably tolling the statute of limitations, but he found that the plaintiff did not "give even approximate dates . . . or provide any information" from which he could conclude that equitable tolling was appropriate. (Docket No. 37 at 5-6.) The plaintiff objects, essentially arguing that equitable tolling is appropriate for four reasons: (1) the merits of his claim are well supported by the evidence; (2) he did not receive appointed counsel and filed *pro se*; (3) he did not know about the statute of limitations; and (4) he has substantial evidence that he made "every attempt possible to [pursue] a

---

[4]For statute of limitations purposes, the plaintiff is given credit for filing on the date he signed it at the prison facility. (Docket No. 37 at 5.)

complaint" in a timely manner. (*See* Docket No. 40 at 2-3, 6.) The first three arguments were not made to the Magistrate Judge, and the factual basis for the fourth is modified from the plaintiff's argument in his "Response to Statute of Limitations."[5] (*See* Docket No. 35.) Even considering these new arguments, the court agrees with the Magistrate Judge's conclusion that the plaintiff has not sufficiently demonstrated that equitable tolling is appropriate in this case.

The Sixth Circuit has held that equitable tolling is appropriate only after the court has properly considered and balanced five factors. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (holding that the same test applies to habeas and non-habeas cases alike). These factors are: (1) the plaintiff's lack of actual notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing his rights; (4) the absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F.3d at 1008. These five factors are not comprehensive, nor is each factor relevant in all cases. *Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir. 2000).

The burden is on the plaintiff to "show that he exercised reasonable diligence in bringing his claims to this Court in a timely manner." *Zirker v. Westbrooks*, No. 3:10-1044, 2011 WL 902030, at *3 (M.D. Tenn. Mar. 15, 2011) (citing *Baldwin County Welcome Ctr. v. Brown,* 466

---

[5] In his original argument to the Magistrate Judge, the plaintiff argued that: (1) he had not been provided a "civil complaint packet;" (2) he has limited access to a law library; and (3) his ongoing medical treatment requires him to be transported to Nashville from Only, Tennessee. (Docket No. 35 at 1-2.) His current objections note that transport for medical treatment and incarceration in general limits the time he has to work on this suit. (*See, e.g.,* Docket No. 40 at 6 (noting that, because he has been "in custody since July 28, 2008, [he] can not do anything on [his] own time").)

U.S. 147, 151 (1984)). With exceptions not relevant here, the plaintiff – even when proceeding *pro se* – also "bears the burden to provide all the evidence to show that equitable tolling is warranted." *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme Court] nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits."). Equitable tolling should be "applied sparingly" by federal courts, *Dunlap*, 250 F.3d at 1008, and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Vroman v. Brigano* 346 F.3d 598, 604 (6th Cir. 2003).

As a preliminary matter, "the applicability of equitable tolling turns on whether the untimeliness . . . is excusable, not on whether the claims asserted therein have merit." *Del Bosque v. United States*, 169 Fed.Appx. 934, 936 (6th Cir. 2006). Consequently, the plaintiff's first argument is rejected. In short, his second and third arguments are that, because he is not legally trained and is unrepresented, this court should excuse the at least nine-month delay between the expiration of the statute of limitations and his filing. (*See* Docket No. 40 at 1-2.) Where, as here, the plaintiff is not entitled to counsel, this is simply incorrect. *See Zirker*, 2011 WL 902030, at *3 (M.D. Tenn. Mar. 15, 2011) (citing *Williams v. Lockhart*, 873 F.2d 1129, 1131 (8th Cir. 1989) (noting that, otherwise, every civil plaintiff who is not himself a lawyer could be excused from following reasonable statutes of limitation, rendering them practically useless)); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("[A]n inmate's lack of legal training, poor education, or even his illiteracy does not give a court a reason to toll the statute of

7

limitations.").

The plaintiff's fourth argument – that he "made every attempt possible" to diligently pursue his claim, despite being incarcerated – is basically a variation on his second and third arguments. (*See* Docket 40 at 2.) The plaintiff filed grievances contemporaneous with his alleged mistreatment seemingly in the latter part of 2008. (*See generally* Docket No. 1.) He also claims that he made several requests for a "civil lawsuit packet" while at the Montgomery County Jail and that these requests were denied. (Docket No. 35 at 1.) He allegedly did not have preprinted civil lawsuit forms until his transfer from the Montgomery County Jail to a Tennessee Department of Corrections ("TDOC") facility, because he did not have access to a law library.[6] Now the plaintiff also claims to have contacted a public defender and two private law offices on unspecified dates "well within the one year time period," seemingly in the late summer or early fall of 2009. (*See* Docket No. 40 at 3.) But aside from mentioning an undisclosed letter to an attorney on or around September 23, 2009, the plaintiff still has not given the court any specific dates.[7]

It is quite possible that the statute of limitations had already expired by September 2009,

---

[6] Of course "allegations regarding insufficient library access, standing alone, do not warrant equitable tolling." *United States v. Stone*, 68 Fed. Appx. 563, 565-66 (6th Cir. 2003). However, the plaintiff appears to suggest that the problem was simply a lack of access to preprinted forms. The plaintiff explains that "Montgomery County Jail has no library . . . to obtain the information needed for my situation but through my transfer into TDOC I was able to get the propper [sic] forms." (Docket No. 40 at 3; *see also* Docket No. 35 (suggesting that even in TDOC he has "limited access the prison law library".).)

[7] The plaintiff has not submitted a copy of this letter, and it is unclear from the plaintiff's description whether Sept. 23, 2009 is the date the letter was mailed by him, the date it was received by the law office, or the date it was returned to him.

8

when the plaintiff allegedly sought representation.[8] But even assuming that it had not, and further assuming that the plaintiff was ignorant of the statute of limitations (as he now represents to the court), the plaintiff has simply not met his burden. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The plaintiff has not indicated what, if anything, he did in the more than one year period between the time that counsel declined to represent him in September 2009 and the filing of this suit in October 2010. This is an egregious omission in light of the Magistrate Judge's instruction to "specifically address the statute of limitations issue" after indicating that it "appears valid." (Docket No. 30 at 1; *see* Docket No. 37 (noting "the plaintiff [still had] not even give[n] approximate dates").) The plaintiff simply has not shown "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See Lawrence v. Florida,* 549 U.S. 327, 336 (2007). This would be the case even if he had filed immediately upon his transfer to TDOC, because, as the Magistrate Judge noted, the plaintiff has not suggested that he did not have access to writing material to file a pleading. (*See* Docket 37 at 6.) In fact, by the plaintiff's own account, he was able to correspond with people outside the prison about his alleged mistreatment and to file several grievances related to this case. (*See id.*)

Accordingly, the plaintiff's objections with respect to equitable tolling will be overruled.

---

[8] The plaintiff suggests the date September 23, 2009 is "well within" the statute of limitations. (*Id.*) But this was more than a year after the plaintiff was injured and quite likely *after* his alleged post-surgery mistreatment began. Consequently, this letter may have been written prior to the expiration of the one-year statute of limitations. *See Wallace*, 549 U.S. at 391 (rejecting the plaintiff's argument that his claim for false imprisonment accrued upon his release rather than when he was bound over for trial).

## IV. Default Judgment

The plaintiff argues that default judgment should be entered against Defendant Norman Lewis. Lewis filed a combined Answer and Motion to Dismiss, which the Magistrate Judge noted was "sloppy pleading" and was inconsistent with Local Rule 7.01. (*See* Docket No. 37 at 3 n.1). The plaintiff, without citation to any authority, suggests that this requires Lewis's Answer to be "stricken from the record" and a $1,000,000 default judgment to be entered against Lewis. (*See* Docket No. 40 at 5.) To the extent that this is properly considered an objection, it will be overruled.

## V. Motion to Amend

Finally, the Magistrate Judge recommended that the plaintiff's Motion to Amend his Complaint to substitute Montgomery County for Montgomery County Jail be denied as futile. (Docket No. 37 at 7.) The plaintiff objects that, because he alleged facts against "Montgomery County Jail" and sued Norman Lewis in his official capacity as "sheriff over the entire jail," it was unnecessary for him to attempt to amend his complaint. (*See* Docket No. 40 at 5.) But this issue is moot; the court agrees with the Magistrate Judge's conclusion that any amendment would be futile because the statute of limitations on the plaintiff's claims had run long before filing the original Complaint.

## CONCLUSION

For the reasons stated herein, the plaintiff's Objections (Docket No. 40) are **SUSTAINED IN PART** and **OVERRULED IN PART**. The plaintiff's objection that he is transported between Only, Tennessee and Nashville, Tennessee for medical treatment rather than

Montgomery County, Tennessee and Nashville, Tennessee, as mentioned in the Report and Recommendation, is **SUSTAINED**. All of his remaining objections are **OVERRULED**. The Report and Recommendation (Docket No. 37) is **ACCEPTED** with the above modification. For the reasons expressed therein and herein, it is hereby **ORDERED** that the Motion for Judgment on the Pleadings filed by Defendant Norman Lewis (Docket No. 25) and the Motion for Dismiss filed by Correct Care Solutions and Melinda Stevens (Docket No. 28) are **GRANTED** and that the plaintiff's Motion to Amend (Docket No. 34) is **DENIED**. Consequently, the plaintiff's claims against each defendant are **DISMISSED** with prejudice. Entry of this Order shall constitute the final judgment in this case.

Because an appeal would not be taken in good faith, the plaintiff is **NOT** certified to appeal the judgment of the court *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

It is so Ordered.

Entered this 13th day of April 2011

ALETA A. TRAUGER
United States District Judge